UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

CHRISTINA FAELLA,

    Plaintiff,

v.

OPTUMCARE FLORIDA, LLC, f/k/a
DAVITA MEDICAL FLORIDA, INC.,
A Foreign Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHRISTINA FAELLA ("Ms. Faella" or "Plaintiff") files this Complaint against Defendant, OPTUMCARE FLORIDA, LLC, f/k/a DAVITA MEDICAL FLORIDA, INC. ("DM" or "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331, as it arises under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same operative facts and circumstances as her FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant in Orange County, Florida, and this venue is therefore proper.

7. Defendant does substantial business across the country and in Orange County, Florida, and is therefore within the jurisdiction of the Court.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) would have been employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to when she advised she would intend to exercise her rights to FMLA leave.

10. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff suffered an adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

11. Defendant was at all times an "employer" as envisioned by the ADA as well as §760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

12. On or around February 18, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination against Defendant.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On August 10, 2020, Plaintiff received a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of his receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Ms. Faella worked as a Medical Assistant for DM from June 25, 2018, until her constructive discharge on September 2, 2019.

18. On April 1, 2019, unfortunately, Ms. Faella fell very ill and as a result was hospitalized.

19. At that time, Ms. Faella's treating physicians informed her that she needed to have her gallbladder surgically removed soon due to cholecystitis, a protected disability under the ADA/FCRA.

20. Ms. Faella immediately informed DM of her disabling serious health condition and of her need to address it via surgery.

21. Ms. Faella also attempted to engage in an interactive process with DM to discuss reasonable accommodation for her disability.

22. Ms. Faella's disclosures should have prompted DM to inform her of her rights and responsibilities pursuant to the FMLA, however, DM failed to do so.

23. DM's failure to do so, itself, is interference under the FMLA.

24. Nor did DM engage in the interactive process with Ms. Faella in order to discuss possible reasonable accommodations for her disability.

25. DM offered Ms. Faella a brief period of leave to undergo the surgery but did not offer FMLA leave, or inform her of her rights and responsibilities under the FMLA.

26. On July 1, 2019, Ms. Faella had her gallbladder surgically removed.

27. Ms. Faella gave DM a doctor's note after her surgery explaining that she could perform light duty only until her recuperation progressed further.

28. DM ignored this and, on Ms. Faella's second day back from surgery, required her to re-certify her hand-on testing.

29. As DM was well aware, Ms. Faella was in no condition to undergo this grueling ordeal so soon after surgery and while she was limited to light duty.

30. Not surprisingly, Ms. Faella failed the re-certification testing due to her poor physical condition so soon after major internal surgery.

31. DM then punitively subjected Ms. Faella to a training seminar in Orlando for two (2) weeks.

32. Ms. Faella explained that she was on light duty and was simply not up to the challenge of the physically demanding re-certification testing just yet.

33. DM continued its harassment and discrimination shortly thereafter, sending Ms. Faella written correspondence accusing her of failing to give DM sufficient notice of her gallbladder surgery on July 1, 2019.

34. In fact, Ms. Faella had informed DM of her upcoming surgery months in advance.

35. DM's physician also began a campaign of badmouthing Ms. Faella to her co-workers.

36. Ms. Faella objected that the foregoing actions constituted disability discrimination and retaliation for her use of FMLA leave.

37. The abuse, harassment, discrimination, and retaliation based on her disability and serious health condition became so intolerable, in fact, that on September 2, 2019, Ms. Faella was forced to resign from DM.

38. A reasonable person in Plaintiff's position would likewise have felt compelled to resign under the circumstances.

39. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

40. Plaintiff suffered sufficiently severe and pervasive treatment because of her use of FMLA leave, and her disability and/or "perceived disability," which amounted to a hostile work environment.

41. An employer is required to provide its disabled with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

42. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

43. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

44. Ms. Faella is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as Medical Assistant.

45. Allowing Ms. Faella to postpone her hand-on testing until she was physically fit and allowing her to perform light duty work would have been a reasonable accommodation.

46. This accommodation would have imposed no undue hardship on Defendant.

47. The facts surrounding Plaintiff's discharge creates a strong inference of disability discrimination in violation of the ADA/FCRA.

48. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Faella based solely upon her disability.

49. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

50. Ms. Faella's discharge stemmed from Defendant's discriminatory animus toward her use of FMLA leave, and her need for accommodation under the ADA/FCRA, and the hostile work environment she suffered.

51. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

52. Defendant also retaliated against Plaintiff for availing herself to FMLA leave.

53. Defendant did not have a good faith basis for its actions.

54. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

55. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

56. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

57. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

58. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

59. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 5 through 9, 17 through 20, 22 through 23, 25 through 40, 50 through 53, 58, and 59, above.

61. At all times relevant hereto, Plaintiff was protected by the FMLA.

62. At all times relevant hereto, Defendant interfered with Plaintiff by failing to advise her of her rights and obligations under the FMLA.

63. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

64. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff's right to take FMLA leave, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

65. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 5 through 9, 17 through 20, 22 through 23, 25 through 40, 50 through 53, 58, and 59, above.

67. At all times relevant hereto, Plaintiff was protected by the FMLA.

68. At all times relevant hereto, Defendant retaliated against Plaintiff by subjecting her to an increasingly hostile environment following her use of FMLA leave, which directly led to her discharge.

69. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

70. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

71. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

72. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

73. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1, 3, 5 through 7, 10 through 21, 24, 26 through 50, 53 through 59, above.

74. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

75. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

76. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

78. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

79. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

80. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1, 4 through 7, 10 through 21, 24, 26 through 50, 53 through 59, above.

81. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

82. The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

83. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

85. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

86. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

87. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1, 3, 5 through 7, 10 through 21, 24, 26 through 50, 53 through 59, above.

88. Plaintiff's objections constituted protected activity under the ADA.

89. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing disability discrimination under the ADA.

90. The retaliation to which Plaintiff was subjected to was based on her opposition to Defendant's illegal harassment and discrimination based on her disability.

91. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

92. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

93. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

94. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

95. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1, 4 through 7, 10 through 21, 24, 26 through 50, 53 through 59, above.

96. Plaintiff's objections constituted protected activity under the FCRA.

97. The acts of Defendant by and through its agents and employees, violated Plaintiff's

rights against being retaliated against for opposing disability discrimination under the FCRA.

98. The retaliation to which Plaintiff was subjected to was based on her opposition to Defendant's illegal harassment and discrimination based on her disability.

99. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

100. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

101. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

102. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 20th day of October, 2020.

Respectfully Submitted,

**By: */s/ Noah Storch*** 

Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com